```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

JOHN R. KAVANAY                                              PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:11CV598TSL-MTP

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON                                                    DEFENDANT

                      MEMORANDUM OPINION AND ORDER

This case arises out of the termination of plaintiff John R. Kavanay's long-term disability benefits under an insurance policy issued by defendant Liberty Life Assurance Company of Boston (Liberty) to plaintiff's former employer Allstate Insurance Company (Allstate). Plaintiff brought this action under 29 U.S.C. § 1132(a)(1)(B), the civil enforcement section of the Employee Retirement Income Security Act of 1974 (ERISA), alleging wrongful termination of long-term disability benefits payable under Liberty's policy. The case is presently before the court on the parties' cross-motions for summary judgment. The court, having considered the memoranda of authorities submitted by the parties, and the administrative record, concludes for reasons which follow that Liberty's motion should be denied and plaintiff's motion should be granted as set forth herein.

During his employment with Allstate as a Claim Service Adjuster, plaintiff Kavanay was a participant in a group long-term disability plan sponsored by Allstate. The plan was funded by a

policy of insurance issued and administered by Liberty.  Under the terms of the policy, a participant is eligible for long-term disability benefits if during the initial twenty-four months of the claim life, the participant suffers from an injury or sickness that renders him "unable to perform the Material and Substantial duties of his Own Occupation."  "Own Occupation" is defined as the occupation performed when the "Disability" began.  The plan states, "For the purposes of determining disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy."

On April 24, 2009, Kavanay sustained an injury to his knee while climbing a ladder at work.  Claiming the injury rendered him unable to return to his job, Kavanay initially filed a claim for benefits under Allstate's short-term disability (STD) benefit plan, which was denied because Allstate's STD plan did not cover on-the-job injuries.  Eventually, on September 20, 2009, his claim was converted to a claim for long-term disability (LTD) benefits.

An MRI taken a few days after plaintiff's injury indicated a "small horizontal tear of the medial meniscus and mild mucinous degeneration of the anterior cruciate ligament (ACL) in his right knee."  Plaintiff underwent surgery by Dr. Theodore Jordan, M.D. on June 29, 2009 to repair his ACL, which was followed by physical therapy.  A post-operative MRI on September 4, 2009 reflected that the ACL graft was intact, but the tear in the medial meniscus

2

seemed more prominent than in the earlier MRI. On September 26, 2009, Dr. Jordan completed an Assessment of Capacity in which he reported that plaintiff was able to work with restrictions for, among other things, climbing, squatting, kneeling, frequent standing, walking, bending, pushing/pulling and lifting up to thirty pounds and constant sitting. On October 2, 2009, plaintiff informed Liberty that he had been examined by Walter Shelton, M.D., and that he was to have a second surgical repair on October 12, 2009, which Dr. Shelton's office confirmed on October 7, 2009. Based on this information, and specifically the fact that further surgical intervention was required, Liberty approved plaintiff for benefits and by letter of October 13, 2009, informed plaintiff that he would be paid LTD benefits effective July 27, 2009.

However, on March 26, 2010, Liberty informed Kavanay by letter that it was terminating his LTD benefits effective that date because it had concluded that Kavanay no longer met the policy definition of disability. Liberty wrote that it had determined, based on an occupational analysis conducted November 3, 2009, that Kavanay's "own occupation" could be performed within a sedentary category, and since the available medical evidence did not support an impairment which would physically preclude Kavanay from performing full-time sedentary work activities, he was no longer disabled under the policy. The medical evidence to which Liberty alluded included the results of a March 11, 2010

3

independent medical examination by Robert S. Levine, M.D., who determined, after reviewing plaintiff's medical records and contacting Dr. Shelton, that Kavanay should avoid climbing, kneeling and crawling but could do a "desk job" that would allow him to sit at a desk and use his upper extremities.

Where, as here, a plan governed by ERISA grants the administrator "'discretionary authority with respect to the decision at issue,'" the court reviews a denial of benefits for abuse of discretion.[1] Corry v. Liberty Life Assurance Co. of Bos., 499 F.3d 389, 397 (5th Cir. 2007) (quoting Vega v. Nat'l Life Ins. Serv., Inc., 188 F.3d 287, 295 (5th Cir. 1999) (en banc)). The court "appl[ies] this deferential standard of review even where (as here) the administrator is also the party obligated to pay the benefits, although [the court] consider[s] any conflict of interest as a factor in [its] review." Ewing v. Metropolitan Life Ins. Co., 427 Fed. Appx. 380, 381-382, 2011 WL 2204797, 1 (5th Cir. 2011) (citing Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 118, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008)). "If the decision on eligibility is supported by substantial evidence and is not

---

[1] The Liberty policy provides:
Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding.

4

erroneous as a matter of law, it will be upheld. <u>Barhan v. Ry-Ron Inc.</u>, 121 F.3d 198, 201 (5th Cir. 1997). An arbitrary decision "is one made without a rational connection between the known facts and the decision or between the found facts and the evidence." <u>Dudley v. Sedgwick Claims Mgmt. Servs. Inc.</u>, No. 11-11165, 2012 WL 5278919, 3 (5th Cir. 2012) (citations omitted).

The record reflects that in October 2010, Liberty assigned plaintiff's claim to a vocational consultant for an "own occupation" analysis. Using the U.S. Department of Labor's Dictionary of Occupational Titles (D.O.T.), the vocational consultant determined that the job of Outside Adjuster at Allstate is part of the occupation of Claims Examiner/Adjuster/ Investigator, and concluded that the most closely related D.O.T. description was Claims Examiner, D.O.T. code 241.267-018, which, she explained, is performed in two manners in the national economy. One, an Inside Claims Examiner/Adjustor/Investigator, is "sitting at a desk using a computer and telephone in a typical office setting," and is sedentary. The other is an Outside Claims Examiner/Adjustor/Investigator, which falls in the light duty category, with "[p]hysical demand requirements ... in excess of those for sedentary Work[,]" including frequent standing and walking. The vocational consultant noted in her report,

> According to the [Occupational Outlook Handbook] working environments of claims adjusters, examiners and examiners vary greatly. Most claims examiners employed by life and health insurance companies work a standard

5

> 5-day, 40-hour work week in a typical office
> environment. Many claims adjusters however often work
> outside the office, inspecting catastrophic loss.
> Adjusters who inspect damaged buildings must be wary of
> potential hazards such as collapsed roofs and floors, as
> well as weakened structures.

It is undisputed that Liberty terminated plaintiff's LTD benefits under the policy after finding that the medical evidence did not prevent his performing sedentary work as an Inside Claims Examiner;[2] yet it is clear from the administrative record that plaintiff was not employed as an Inside Claims Examiner but rather as Outside Claims Examiner, investigating or inspecting catastrophic property loss, i.e., damaged buildings. In the court's opinion, even assuming Liberty's conclusion that plaintiff could perform sedentary work was rational based on the relevant medical evidence,[3] Liberty's decision to use the D.O.T. category of the sedentary Inside Claims Examiner/Adjustor/Investigator

---

[2] Liberty asserts in its brief that, in fact, both the inside sedentary and the outside light duty Claims Examiner positions referenced in the occupational analysis as supported by the Occupational Outlook Handbook would fall within the restrictions noted by plaintiff's treating physician. However, Liberty terminated plaintiff's LTD benefits because it found he could perform *sedentary* work, and it is that decision which is under review. In its denial letter, Liberty did reference the two categories of claims examiners recognized in the D.O.T., but it found only that plaintiff's medical restrictions did not preclude his performing the sedentary position of Inside Claims Examiner.

[3] Plaintiff argues that Liberty's conclusion that he could perform sedentary work is an abuse of discretion because in reaching that conclusion, Liberty considered only his knee injury and limitations imposed therefrom, and it failed to consider additional medical conditions, including a hip lesion, which caused significant pain and precluded his sitting for long periods of time.

6

rather than the Outside Claims Examiner/Adjustor/Investigator position as the basis for determining the physical requirements of plaintiff's occupation was an abuse of discretion. In so concluding, the court certainly recognizes that under the policy, the standard for whether an insured is disabled from his "own occupation" is determined by the duties of the position in the national economy and not necessarily by the insured's duties for his particular employer. However, the Fifth Circuit has rejected the argument that the specific tasks listed by a claimant's own employer are irrelevant to an "own occupation" analysis, noting that "while the correct standard is the occupation in the general economy and not the specific job for a specific employer, the specific duties of the employee's job, as described by the employer, are relevant." See Burtch v. Hartford Life & Accident Ins. Co., 314 Fed. Appx. 750, 2009 WL 714078, at 4 (5th Cir. 2009) (citing Robinson v. Aetna Life Ins. Co., 443 F.3d 389 (5th Cir. 2006) ("Though her precise duties do not define her regular occupation, in this case they well illustrate the duties of a director of nursing at a small health care facility and nothing in the record provides any basis for thinking that such a position at a facility comparable to hers requires different duties.").

Here, it is apparent that in selecting the sedentary position of Inside Claims Examiner from the D.O.T. as establishing the requirements of Kavanay's "own occupation," Liberty arbitrarily

7

disregarded the nature of Kavanay's position with Allstate and the specific tasks he was required to perform as an Outside Claims Adjuster. Its consequent determination that Kavanay was not disabled because he was not medically precluded from performing the sedentary occupation of Inside Claims Examiner amounts to an abuse of discretion and cannot stand. It follows that Liberty's motion for summary judgment must be denied.

Plaintiff has filed his own motion for summary judgment, in which he contends the vocational and medical evidence in the administrative record establishes beyond reasonable dispute that he was unable to perform the material and substantial duties of the occupation of an Outside Claims Examiner – Catastrophic. The medical evidence establishes without contradiction from any source that plaintiff was restricted from climbing, kneeling, squatting and crawling. The evidence in the administrative record also reflects that plaintiff's job with Allstate involved examining roofs, attics, basements and collapsed buildings, and that persons performing such jobs need to have "good flexibility, balance, strength to carry equipment while safely walking and/or crawling." The nature of the job, as performed at Allstate, required a substantial amount of squatting, bending, climbing ladders, kneeling and climbing stairs – none of which plaintiff was able to do.

The evidence in the administrative record which relates to the requirements of the occupation of a catastrophic claims examiner/adjuster/investigator, as the position is performed in the national economy, suggests that the nature of the job, and consequent physical demands of the job, as it is performed in the national economy, are comparable to the position as it is performed at Allstate since the position involves inspection of damaged buildings, which cannot be done without the ability to access all parts of the structure, including parts above and below ground level, an ability which plaintiff lacks.[4] The record lacks substantial evidence to support a contrary conclusion and the court therefore concludes that plaintiff is entitled to receive LTD benefits for the "own occupation" disability period.[5] His motion for summary judgment will therefore be granted to the extent it seeks an award of such benefits.[6]

---

[4] There is certainly nothing to suggest that the position as performed in the national economy is not comparable to the position as performed at Allstate.

[5] Plaintiff has moved to supplement the record to include his recent notification of award of social security disability benefits. Liberty has agreed that if the court determines that the denial of benefits was an abuse of discretion, evidence of the social security award is relevant to determine the amount of setoff for social security benefits. Accordingly, the motion to supplement the record to include the social security award is granted.

[6] Plaintiff purports to seek by his motion a judgment that he is entitled to both "short-term" disability benefits – by which he apparently means benefits for the 24-month "own occupation" disability benefit period – and "long-term" disability benefits, by which he apparently means benefits following the initial 24-

Accordingly, based on the foregoing, it is ordered that defendant's motion for summary judgment is denied, and plaintiff's motion for summary judgment is granted as set forth herein.

SO ORDERED this 3rd day of December, 2012.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

month disability period, during which benefits are payable under the policy only if plaintiff is disabled from performing "any occupation." Alternatively, he seeks a judgment in his favor for "own occupation" disability benefits and remand to the plan administrator for consideration of his claim for "any occupation" disability benefits. The court cannot conclude on summary judgment that plaintiff is disabled from performing "any occupation" and therefore plaintiff's alternative request for remand will be granted.